WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Darlene Kenney,<br><br>Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV-16-8116-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Joyce Darlene Kenney's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 14).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 15, 19), the Court finds that the Administrative Law Judge's ("ALJ") decision is

supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges

---
[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

are so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It is relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

---

[2] *Parra*, 481 F.3d at 746.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1951, has a long employment history that includes working at Wells Fargo and American Express. (A.R. 39-40, 53, 180-81). In January 2013, Plaintiff filed an application for disability insurance benefits. (A.R. 135-38). Plaintiff's application alleged that on July 9, 2012, Plaintiff became unable to work due to a number of impairments, including asthma, chronic obstructive pulmonary disease ("COPD"), emphysema, "[b]reathing problems caused by stress," anxiety, depression, post-traumatic stress disorder, right toe surgery, hypoglycemia, back pain, and whiplash.

(A.R. 53-54). Social Security denied the application on June 21, 2013. (A.R. 83-86). In October 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 90-92). Plaintiff sought further review by an ALJ, who conducted a hearing in October 2014. (A.R. 35-51, 93-94).

In his December 2014 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 20-29). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6, 14-16). On June 2, 2016, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 9, 2012, the alleged disability onset date. (A.R. 22). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) asthma; (ii) allergies; (iii) COPD; (iv) headaches; (v) heel spur; and (vi) obesity. (A.R. 22). This determination is undisputed.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 23-24). Neither party challenges the ALJ's determination at this step.

#### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that

> [Plaintiff] can occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, stand and walk for two hours, and sit for six hours. She can frequently balance and occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. However, she cannot climb ladders, ropes, or scaffolds. Additionally, she should avoid humidity, extreme heat and cold, and even moderate exposure to fumes, odors, dusts, gases, and poor ventilation.

(A.R. 24). Based on Plaintiff's RFC, the ALJ determined at Step Four that Plaintiff is able to perform her past relevant work as a "credit card control clerk." (A.R. 29). Plaintiff disputes this determination.

### 5. Step Five: Capacity to Perform Other Work

As the ALJ found at Step Four that Plaintiff is not disabled, the ALJ did not reach Step Five of the disability analysis.

## C. Plaintiff's Challenge to the ALJ's Step Four Determination

### 1. Plaintiff's Argument that the ALJ Erroneously Identified "Credit Card Control Clerk" as Past Relevant Work

An ALJ may find at Step Four that a claimant is not disabled if the ALJ determines that the claimant can perform his or her past relevant work[3] as it (i) was actually performed or (ii) is generally performed in the national economy. Social Security Ruling ("SSR") 82–61, 1982 WL 31387, at *1-2 (1982). The law does not require an ALJ to make "explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (emphasis in original). An ALJ, however, must make specific findings as to (i) the claimant's RFC; (ii) the physical and mental demands of the past relevant work; and (iii) the relation of the RFC to the past work. *Id.* at 845 (citing SSR 82-62). A claimant has the burden of establishing that he or she is incapable of

---

[3] "Past relevant work" is work (i) performed within the past fifteen years, (ii) constituting substantial gainful activity, and (iii) lasting long enough for the individual to have learned how to perform the work. 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a).

performing his or her past relevant work. 20 C.F.R. § 404.1512; *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

Plaintiff's Work History Report reflects that she worked in "Credit Review Operations" at American Express from 2003 to 2007. (A.R. 180). The ALJ stated that Plaintiff performed the job of "credit card control clerk," classified in the *Dictionary of Occupational Titles* ("DOT") under job title number 249.367-026. (A.R. 29). After comparing Plaintiff's RFC with the physical and mental demands of this position, the ALJ found that Plaintiff is able to work in the position as it is generally performed. (*Id.*). Plaintiff argues that the ALJ's Step Four determination is erroneous, asserting that Plaintiff's past relevant work as "Credit Review Operations" is not equivalent to the "credit card control clerk position" identified by the ALJ. (Doc. 15 at 4-5).

In defining a claimant's past relevant work, an ALJ may rely on the claimant's properly completed vocational report and the claimant's own testimony. *Pinto*, 249 F.3d at 845 (citing SSR 82-61, SSR 82-41). Plaintiff reported in her Work History Report that while holding the "Credit Review Operations" position, she "sat in front of computer, reviewing Credit Card Accts." (A.R. 183). Plaintiff also indicated that she made phone calls to customers, filled out forms, and typed on the computer. (*Id.*). The DOT describes the "credit card control clerk" position as including duties such as verifying the renewal of credit cards, initiating correction forms, and verifying customers' account balances to expedite issuance or renewal of cards. DOT 249.367-026, 1991 WL 672328. Substantial evidence supports the ALJ's finding that Plaintiff's past relevant work includes the "credit card control clerk" position. The Court finds that the ALJ did not erroneously identify "credit card control clerk" as Plaintiff's past relevant work.

### 2. Plaintiff's Challenge to the ALJ's RFC Assessment

Plaintiff argues that the ALJ's RFC assessment is erroneous because "Plaintiff identified very specific limitations which are simply not accounted for in the ALJ's RFC finding that Plaintiff can tolerate 'moderate' levels of inimical environmental stresses." (Doc. 15 at 6). Plaintiff's argument mischaracterizes the ALJ's RFC assessment. The

RFC assessment does not state that Plaintiff can tolerate "moderate" levels of inimical environmental stresses. The RFC assessment states that Plaintiff "should avoid . . . **even moderate** exposure to fumes, odors, dusts, gases, and poor ventilation." (A.R. 24) (emphasis added). Plaintiff has failed to show that the RFC assessment does not account for her limitations related to her asthma and COPD. *See McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011) (as amended) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003) (noting that a court "cannot manufacture arguments for an appellant" and thus "will not consider any claims that were not actually argued in [the] opening brief").

Plaintiff also argues that the ALJ's RFC assessment is defective because the ALJ failed to consider Plaintiff's excellent work history. (Doc. 15 at 11-12). Yet the ALJ's decision indicates that the ALJ has reviewed Plaintiff's earning record. (A.R. 20) ("The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through September 30, 2017."). Further, an ALJ is not required to discuss every piece of evidence in the record. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). While a claimant's work history *may* be deemed probative of credibility, a strong work history does not require an ALJ to credit a plaintiff's symptom testimony.[4] Plaintiff has failed to show that the ALJ's failure to engage in a more elaborate discussion of Plaintiff's work history is error, let alone harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.").

---

[4] Plaintiff concedes that a strong work history does not entitle a claimant to enhanced credibility. (Doc. 15 at 12).

### 3. Plaintiff's Argument that the ALJ Committed Error by Failing to Obtain the Testimony of a Vocational Expert

Although Plaintiff concedes that an ALJ is not necessarily required to obtain the testimony of a Vocational Expert ("VE") at Step Four, Plaintiff argues that the ALJ erred by "fail[ing] to obtain [VE] testimony to support his step 4 finding that Plaintiff can perform her past relevant work in light of her non-exertional limitations." (Doc. 15 at 3, 7). Plaintiff appears to assert that VE testimony is necessary to determine whether Plaintiff's restrictions regarding inimical environmental stressors erode the occupational base. (*Id.* at 6-7).

An ALJ may rely upon the DOT as the rebuttable presumptive authority regarding job classifications. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("The regulations, themselves, provide that the DOT classifications are rebuttable."); *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) ("[A] claimant is not foreclosed from undertaking the burdensome task of demonstrating that the *Selected Characteristics* inaccurately evaluates the exertional demands of a job title that does apply."). The DOT explains that the "credit card control clerk" position does not involve exposure to conditions that affect the respiratory system, such as fumes, noxious odors, dusts, mists, gases, and poor ventilation. DOT 249.367-026, 1991 WL 672328 (stating "Atmospheric Cond.: Not present- Activity or condition does not exist"); *Selected Characteristics of Occupations*, Appx. D., SCODICOT Appendix D (1993 ed.) (defining "Atmospheric Conditions" as "Exposure to such conditions as fumes, noxious odors, dusts, mists, gases, and poor ventilation, that affect the respiratory system, eyes, or the skin."). Plaintiff has failed to show that the DOT inaccurately states that the "credit card control clerk" position does not involve exposure to conditions that affect the respiratory system. The Court does not find that the ALJ erred by not obtaining the testimony of a VE.

## III. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is free from reversible error.[5] Accordingly, the decision of the Commissioner of Social Security is affirmed.

**IT IS THEREFORE ORDERED** affirming the decision of the Commissioner of Social Security. The Clerk of Court shall enter judgment accordingly.

Dated this 11th day of May, 2017.

Eileen S. Willett
United States Magistrate Judge

---

[5] To the extent that Plaintiff may challenge the ALJ's decision on other grounds not discussed in this Order, the challenge has been waived by failing to raise the grounds in Plaintiff's Opening Brief. *See Bray v. Commissioner of Social Security Admin.* 554 F.3d 1219, 1226 n. 7 (9th Cir. 2009) (deeming argument not made in disability claimant's Opening Brief waived).